JUL 6 2026 PM 1:57
FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NIGEL LUCOMBE,
Plaintiff.

v.

8:26-cv-1926-MSS-TGW

HOT 2 COLD INC,
Defendant.

Plaintiff, NIGEL LUCOMBE ("Plaintiff"), files this Complaint under the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227, and its regulations, against HOT 2 COLD INC.

("Defendant"), and alleges based on personal knowledge and information and belief:

**NATURE OF THE ACTION**

1.  This is a putative action pursuant to the TCPA, 47 U.S.C. § 227, *et seq.* To promote its goods and services, Defendant engages in telemarketing text messages to consumers without having secured prior express written consent as required under the TCPA, with no regard for consumers' rights. Defendant also sends telemarketing texts to consumers who have registered their telephone numbers on the National Do Not Call Registry.

2.  Defendant transmits unsolicited text messages to telephone subscribers who specifically express their unwillingness to receive such messages through the National Do Not Call Registry maintained by the Federal Communications Commission (FCC).

3.  Defendant also transmits unsolicited telemarketing text messages without transmitting accurate caller identification information, in violation of FCC regulations requiring telemarketers to transmit caller ID information.

1



4. Defendant's text message solicitations caused Plaintiff harm, including violations of his statutory rights, annoyance, nuisance, and invasion of his privacy.

5. Through this action, Plaintiff seeks statutory damages, as defined below, and any other available legal or equitable remedies resulting from Defendant's unlawful actions.

## PARTIES

6. Plaintiff Nigel Lucombe is, and at all times relevant hereto was, a citizen and resident of Pasco County, Florida.

7. Plaintiff is an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that Plaintiff was the regular user of cellular telephone number (813)-XXX-7705 (last three digits redacted for privacy) that received Defendant's telemarketing text messages.

8. Defendant HOT 2 COLD INC. is, and at all times relevant hereto was, a domestic corporation with a principal place of business at 1503 s us Highway 301 Tampa FL 33619, and is a "telephone solicitor" as defined by Fla. Stat. § 501.059(f) and a "person" as defined by 47 U.S.C. § 153(39).

## JURISDICTION AND VENUE

9. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over Plaintiff's Florida Telemarketing Act claims pursuant to 28 U.S.C. § 1367.

11. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District,

2

and because Defendant's unauthorized text-message scheme was directed to consumers in this District.

## FACTUAL ALLEGATIONS

12. Plaintiff's cellular telephone number has been registered on the National Do Not Call Registry since November 12, 2019.

13. Between May 13, 2026, true May 18, 2026, Defendant sent Plaintiff at least three (3) unsolicited telemarketing text messages to Plaintiff's cellular telephone number. The texts were sent from telephone number +1 (813) 296-2115.

14. Plaintiff did not provide prior express written consent to receive these text messages. Plaintiff has never transacted any business with Defendant, nor made any inquiry regarding Defendant's products or services within the 18 months before receiving the texts.

15. Upon information and belief, Defendant has no system in place to document and archive whether it has prior consent to contact consumers on their cellular phones.

16. Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations via text message in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including the Do-Not-Call provision in 47 C.F.R. § 64.1200(c).

17. Upon information and belief, Defendant knew its texting practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

3

18. Defendant, through its agents, representatives, vendors, subsidiaries, third-party contractors, and/or employees acting within the scope of their authority, acted intentionally in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

19. Defendant's text messages forced Plaintiff to be deprived of the privacy and utility of his cell phone by requiring Plaintiff to ignore or delete disruptive alerts, and/or silence his cell phone as a result of Defendant's unsolicited text messages.

20. The TCPA was intended to give individuals control over how and where they receive telephonic communications. When Defendant sent the texts to Plaintiff without his consent, Defendant failed to address or respect the limitations imposed by the TCPA, thereby invading Plaintiff's privacy.

21. As demonstrated by the screenshots below,



4

the purpose of Defendant's text messages was to solicit the sale of consumer services and to draw attention to Defendant's services and goods. The text messages have a commercial nexus to Defendant's business activities.

22. Defendant generates profits when recipients of its text messages make an appointment or visit Defendant's website for its services.

23. Plaintiff was in Florida when he received the above text messages, and Defendant's violative conduct occurred in substantial part in Florida.

24. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff.

25. **Caller Identification Violations.** Upon information and belief, Defendant caused to be transmitted the text messages identified in paragraph 13 without transmitting accurate caller identification information as required by 47 C.F.R. § 64.1601(e).

26. Specifically, Defendant failed to transmit either the telephone number of the telemarketer (Defendant) or the name of the seller (Defendant) and the seller's customer service telephone number in connection with the telemarketing text messages.

27. Alternatively, Defendant transmitted caller identification information that was misleading or inaccurate in violation of 47 U.S.C. § 227(e) and 47 C.F.R. § 64.1604(a) by causing Plaintiff's cellular telephone to display a telephone number that did not accurately identify Defendant as the originator of the text messages.

28. Defendant's caller identification violations were knowing and willful, as Defendant, upon information and belief, was aware of the FCC's regulations requiring telemarketers to transmit caller ID information yet continued to send text messages without complying with those requirements.

29. Defendant's failure to transmit accurate caller identification information deprived Plaintiff of the ability to identify the true source of the text messages, undermined Plaintiff's trust in the source of the texts, and made it difficult for Plaintiff to determine whether the texts were legitimate or fraudulent.

## DAMAGES

30. Defendant's unfair and harassing conduct has severely disrupted Plaintiff's daily life and general well-being, including invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment, loss of battery charge, and electricity costs required to recharge his cellular telephone as a result of receiving unsolicited texts.

## COUNT I -- Violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) (National Do Not Call Registry)

31. Plaintiff re-alleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

32. 47 C.F.R. § 64.1200(c)(2) prohibits initiating any telephone solicitation (including text messages) to a residential telephone subscriber who has registered their number on the National Do Not Call Registry.

6

33. Plaintiff's cellular number has been on the National Do Not Call Registry since November 12, 2019, more than 31 days before Defendant's first text message.

34. Defendant violated 47 C.F.R. § 64.1200(c) by sending at least two telemarketing text messages to Plaintiff's registered number.

35. Because Plaintiff received more than one text message in a 12-month period from Defendant in violation of the TCPA, Defendant is liable for statutory damages under 47 U.S.C. § 227(c)(5).

36. Plaintiff is entitled to $500 in damages for each violation, and treble damages ($1,500 per violation) because Defendant's conduct was willful and knowing.

**COUNT II -- Violation of 47 C.F.R. § 64.1601(e) (Caller Identification Requirements)**

37. Plaintiff re-alleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

38. 47 C.F.R. § 64.1601(e) requires any person or entity engaged in telemarketing to transmit caller identification information, including the telephone number of the telemarketer and, if applicable, the name of the seller and the seller's customer service telephone number, for each telemarketing call or text message.

39. The FCC has clarified that the caller ID requirements apply to "all companies conducting telemarketing" and to text messages.

40. Defendant is a "person" and "telemarketer" within the meaning of 47 C.F.R. § 64.1601(e).

41. Defendant violated 47 C.F.R. § 64.1601(e) by sending the three (3) telemarketing text messages described in paragraph 13 to Plaintiff without transmitting accurate caller identification information.

42. As a result of Defendant's violations of 47 C.F.R. § 64.1601(e), Plaintiff suffered harm, including the inability to identify the true source of the text messages, confusion, annoyance, nuisance, and invasion of privacy.

43. Defendant's violations of 47 C.F.R. § 64.1601(e) were knowing and willful, as Defendant was aware, or should have been aware, of the FCC's caller ID requirements yet intentionally failed to comply with them.

44. Plaintiff is entitled to statutory damages of $500 for each violation, and treble damages ($1,500 per violation) because Defendant's conduct was willful and knowing, pursuant to 47 U.S.C. § 227(c)(5) and applicable case law holding that the caller ID regulations are enforceable through the TCPA's private right of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a. Statutory damages of $500 for each negligent violation of the TCPA (two violations = $1,000) and $1,500 for each willful or knowing violation (three violations = $4,500) pursuant to 47 U.S.C. § 227(b)(3)(C) and § 227(c)(5);

b. Statutory damages of $500 for each violation of 47 C.F.R. § 64.1601(e) (three violations = $1,500), and treble damages of $1,500 for each willful violation (three violations = $4,500);

c. Alternatively, statutory damages of $500 per violative text message under 47 U.S.C. § 227(c);

d. Treble damages of $1,500 per violative text message under 47 U.S.C. § 227(c)(5) for willful violations;

8

e. Reasonable attorney's fees and costs;

f. Any other relief this Court deems just and proper.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant preserve all records, lists, electronic databases, or other itemizations of telephone numbers associated with Defendant and the text messages alleged herein, as well as all records reflecting caller identification information transmitted in connection with any text messages sent to Plaintiff.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: July 3, 2026

Respectfully submitted,

/s/ Nigel Lucombe

Nigel Lucombe, Pro Se
P.O Box 2589
Lutz FL 33548

9

## NOTICE OF RELATED CLAIMS (PURSUANT TO M.D. FLA. R. 1.07)

Plaintiff Nigel Lucombe, proceeding pro se, advises the Court as follows:

Plaintiff has not filed any other lawsuit in this Court or any other court that is related to the claims stated in this case. No prior or pending action arises from the same text messages, the same defendant, or the same set of operative facts.

Dated: July 3, 2026

Respectfully submitted,

/s/ Nigel Lucombe

Nigel Lucombe, Pro Se

Nlucombe@gmail.com